IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TREVOR HILLSTROM,

                Plaintiff,

v.

BEST EGG, INC,

                Defendant.

OPINION and ORDER

25-cv-19-jdp

---

Plaintiff Trevor Hillstrom contends that defendant loan agency Best Egg, Inc. violated the Fair Credit Reporting Act and Wisconsin privacy laws by downloading Hillstrom's credit report and failing to adequately protect the information within it after a third party submitted a credit card application in Hillstrom's name.

Best Egg moves to dismiss on two grounds: (1) the court lacks personal jurisdiction over Best Egg; and (2) Hillstrom has failed to state a claim upon which relief may be granted. Dkt. 4. Three other motions are also pending: a motion to amend the complaint and two discovery motions. Dkt. 7; Dkt. 23; Dkt. 25. When a defendant challenges personal jurisdiction, the court may not consider the merits until it resolves the jurisdictional issue in the plaintiff's favor. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). Hillstrom has failed to show that this court has personal jurisdiction over Best Egg, so the court will grant the motion to dismiss without considering the merits. The other pending motions will be denied as moot.

ANALYSIS

On a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the burden of proof rests on the plaintiff to make a prima facie showing

that the court may exercise jurisdiction over the defendant. *In re Sheehan*, 48 F.4th 513, 520 (7th Cir. 2022). The court must accept as true all plausible allegations in the complaint, but the court may also consider evidence submitted by the parties. *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392–93 (7th Cir. 2020). All genuine factual disputes must be resolved in the plaintiff's favor. *See Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

As an initial matter, Hillstrom contends that Best Egg consented to personal jurisdiction in Wisconsin because it registered as a foreign corporation with the Wisconsin Department of Financial Institutions. Dkt. 10, at 3. Hillstrom cites Wis. Stat. § 180.1505(2), which states that a foreign corporation authorized to do business in Wisconsin "is subject to the same duties, restrictions, penalties and liabilities now or later imposed on, a domestic corporation of like character." But as Best Egg points out, Hillstrom's argument is squarely foreclosed by binding precedent. *Segregated Acct. of Ambac Assurance Corp. v. Countrywide Home Loans, Inc.*, 2017 WI 71, ¶ 20, 376 Wis. 2d 528, 898 N.W.2d 70 ("Wis. Stat. § 180.1505(2) mentions neither consent nor jurisdiction . . . It is too great a leap to characterize consent to general jurisdiction as a "duty" imposed on every foreign corporation that registers to do business in Wisconsin").

Hillstrom also asserts that Best Egg waived any objection to personal jurisdiction because it has participated in other Wisconsin legal proceedings in the past. Dkt. 10, at 4 (citing *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1988) and citing *Continental Bank v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993)). But *Peterson* and *Continental Bank* concerned waiver based on defendants' conduct in those cases. Hillstrom cites no authority holding that a party waives an objection to personal jurisdiction simply because it previously appeared in the forum in an unrelated proceeding, nor is the court aware of any.

In the absence of consent or waiver, Hillstrom must show that an exercise of jurisdiction is consistent with both state law and the Due Process Clause. *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). In describing the standard for personal jurisdiction in its brief, Best Egg mentions that Hillstrom must meet the requirements of Wisconsin's long-arm statute. Dkt. 4, at 10. But Best Egg's arguments all focus on the Due Process Clause, so the court will turn directly to the constitutional requirements without considering whether Hillstrom has met the requirements of the long-arm statute. *See Carrington v. Experian Holdings, Inc.*, 469 F. Supp. 3d 891, 895 (W.D. Wis. 2020) (defendant waives contention that state law doesn't authorize exercise of personal jurisdiction by failing to develop the issue).

The Supreme Court has recognized two categories of personal jurisdiction: general and specific. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 nn. 8–9 (1984). A party is subject to general jurisdiction when its contacts with the state are "so substantial, continuous, and systematic" that the party is "essentially at home" in that state. *Kipp v. Ski Enter. Corp. of Wisconsin*, 783 F.3d 695, 698 (7th Cir. 2015). Generally, a corporation is at home in its state of incorporation and in the state where it has its principal place of business. *Vanegas v. Signet Builders, Inc.*, 113 F.4th 718, 722 (7th Cir. 2024). Merely conducting business or selling products in a state is not sufficient to confer general jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 138–39 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 920 (2011).

Hillstrom does not distinguish between general and specific jurisdiction in his brief. But none of his arguments seriously contend that Wisconsin courts have general jurisdiction over Best Egg. Hillstrom does not dispute that Best Egg is incorporated in Delaware, has its principal

3

place of business in Delaware, and has no physical presence in Wisconsin. *See* Dkt. 4, ¶¶ 3,6. Rather, Hillstrom's arguments focus on Best Egg's business activities within the state: he says that Best Egg markets itself in Wisconsin and has granted loans to Wisconsin residents. Dkt. 10, at 4–5. Supreme Court precedent is clear that such activities do not confer general jurisdiction. *Daimler*, 571 U.S. at 138.

That leaves specific jurisdiction. A court may exercise specific jurisdiction if the plaintiff shows that: (1) the defendant purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state; (2) the plaintiff's alleged injury arose out of the defendant's forum-related activities; and (3) that the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice. *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 398 (7th Cir. 2020). The second element is dispositive here: Hillstrom has not shown that his injuries arose out of Best Egg's contacts with Wisconsin.

To meet the "arising out of" element, the plaintiff must draw a connection between his alleged injury and the defendant's contacts with the forum state. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 361–63 (2021). There does not need to be a causal connection between the contacts and the injury. *Id.* (sufficient connection when defendant marketed and sold its product in the state and the plaintiff's injuries happened there). But the plaintiff cannot rely on "random, fortuitous, or attenuated contacts [with the forum state], or . . . the unilateral activity of another party or a third person." *Curry*, 949 F.3d at 396; *see also Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.,* 582 U.S. 255 (2017) (insufficient connection when defendant marketed and sold its product in the state, but the plaintiffs did not buy the product there and their injuries did not occur there).

4

Hillstrom identifies no connection between his alleged injuries and Best Egg's contacts with Wisconsin. Hillstrom alleges that Best Egg accessed his credit report after receiving a fraudulent credit card application in his name from a third-party. But he does not say that Best Egg accessed his credit report in Wisconsin or that the fraudulent credit card application originated from Wisconsin. Hillstrom points out that Best Egg has sent marketing emails to Wisconsin residents, including Hillstrom's counsel, and has offered loans to Wisconsin residents. But these third-party contacts have no relation to Hillstrom's alleged injury.

Citing *Smith v. Cutler*, 504 F. Supp. 2d 1162, 1167 (D. N.M. 2007), Hillstrom argues that unlawfully pulling a person's credit report is a sufficient contact with the state where that person lives to establish personal jurisdiction. Dkt. 10, at 5. The court in *Smith* reasoned that "defendant's conduct in conducting the unauthorized credit inquiry is purposefully directed at the resident in the forum state, and causes injury to that individual." *Id.* But this reasoning is foreclosed by *Walden v. Fiore*, which holds that personal jurisdiction depends on a defendant's contacts with the forum state itself, not on its contacts with people who reside in the forum state. 571 U.S. 277, 285 (2014). A defendant who pulls a Wisconsin resident's credit report interacts with the Wisconsin resident, but not with the state itself.

In sum, Hillstrom has identified no connection between Best Egg, Wisconsin, and his alleged injury, other than that he, the victim of the attempted credit card fraud, lives in Wisconsin. "[T]he plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285. The court concludes that it lacks personal jurisdiction in this case.

At the end of his brief, Hillstrom moves for leave to amend his complaint if the court finds that it lacks personal jurisdiction. The court will deny the motion as futile. Once the defendant brings a motion to dismiss under Rule 12(b)(2), the plaintiff bears the burden of

demonstrating the existence of personal jurisdiction. *Purdue Rsch. Found.*, 338 F.3d at 782. Hillstrom had his chance to set forth the facts necessary to establish personal jurisdiction; nothing suggests that he would be able to do so if given another chance. Hillstrom also asks the court to remand this case to state court. Remand can be a proper remedy when the court lacks subject-matter jurisdiction, but the issue here is personal jurisdiction, which would be lacking in Wisconsin state court for the same reason it is lacking here. Courts that lack personal jurisdiction may transfer a case to a more appropriate forum. *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986). But neither party has requested a transfer here. Accordingly, defendant's motion will be granted, and this case will be dismissed for lack of personal jurisdiction. The several other pending motions will be denied as moot.

## ORDER

IT IS ORDERED that:

1. Defendant Best Egg, Inc.'s motion to dismiss, Dkt. 4, is GRANTED.

2. Plaintiff's motion to amend his complaint, Dkt. 7, defendant's motion for a protective order, Dkt. 23, and defendant's motion to strike, Dkt. 25, are DENIED as moot.

3. This case is DISMISSED without prejudice for lack of personal jurisdiction.

Entered October 22, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge